JOSEPH JOHNSON *vs.* HEWLETT COLES & others.

Oct. 23, 1874.

**Construction of Statute Limiting Right of Surviving Party to Contract to Testify in his own Favor.**—Section 8, ch. 73, Gen. Stat., enacts that "When one, or in case of a joint, or joint and several contract, all of the original parties on the same side to a contract or cause of action, in issue and on trial, are dead, or shown to the court to be insane, the other party or parties shall not be admitted to testify as to such contract in his or their own favor, unless such transaction was had and performed, on behalf of the party or parties so deceased or insane, by an agent whose testimony is received." *Held*, that the words, "as to such contract," are equivalent to the words, "as to what took place between the parties to such contract, at the time of making the same."

**How Witness may be allowed to refresh his Memory.**—The manner in which a witness shall be allowed to refresh his recollection by reference to a writing, must be left, to some extent, to the discretion of the presiding judge—a discretion to be exercised with reference to the circumstances of the case, and sometimes with reference to the conduct and bearing of the witness upon the stand.

**New Trial—Newly Discovered Evidence.**—*Nininger* v. *Knox*, 8 Minn. 140, followed upon the point that newly discovered, evidence merely cumulative, furnishes no ground for a new trial.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J. presiding, refusing a new trial after a trial by the court, a jury having been waived.

*W. P. Warner* and *P. E. Bland*, for appellant.

*Masterson & Simons* and *John Y. Page*, for respondents.

BERRY, J. The complaint alleges that one Susan Johnson (plaintiff's ancestress) delivered to the defendant Coles $21,000, to be invested by him in lands, in her name, and for the use of herself and heirs forever, whereby Coles became bound, and in consideration thereof agreed with said Susan, faithfully to invest said funds in lands, in the name of said Susan, for the use of herself and her heirs forever; that Coles fraudulently, and without the knowledge of said Susan, invested the same in lands, in his own name, for the use of himself and his heirs forever. This action is brought to compel Coles to render an account of his doings in the premises, and for appropriate relief. The contract set up in the complaint is in issue and on trial.

1. Upon the trial, Coles, (plaintiff objecting,) was permitted to testify in the case, and perhaps the most important question presented upon this appeal is, Was he a competent witness under the provisions of §§ 7 and 8, ch. 73, Gen. Stat.? For the purposes of this opinion, it is sufficiently accurate to say that § 7 makes a party to an action competent to testify generally in the same. This privilege is, however, qualified by § 8, which enacts that "when one, or in case of a joint, or joint and several contract, all of the original parties on the same side to a contract or cause of action, in issue and on trial, are dead, or shown to the court to be insane, the other party or parties shall not be admitted to testify as to such contract, in his or their own favor, unless such transaction was had and performed, on behalf of the party or parties so deceased or insane, by an agent whose testimony is received."

In our opinion, the words, " as to such contract," in this section, are equivalent to the words, " as to what took place between the parties to the contract, at the time of making

the same," including, with perhaps other things, the making and contents of the contract. This construction is well supported, we think, by the further provision of the section, allowing a surviving party to the contract to testify when *such transaction* was had and performed, on behalf of the deceased or insane party, by an agent whose testimony is received; the words, "such transaction was had and performed," not being referable, by any sensible construction, to anything else than what took place between such agent and the other party, at the time of the making of the contract. Upon this construction of the statute, we are of opinion that the testimony of Coles, which did not relate to anything which took place between him and the other party to the alleged contract, at the time of making the same, was properly received.

2. In order to meet certain evidence introduced by plaintiff, and tending to show that defendant Coles had purchased and improved certain real estate with the funds alleged to have been intrusted to him by Susan Johnson, defendant Coles gave testimony tending to show that he purchased and improved said real estate with his own means, derived principally from his business as a dentist. In giving such testimony, and for the sole purpose of refreshing his recollection in relation to the matters testified to by him, he referred to certain books or memoranda, containing daily entries of his receipts and disbursements, from January, 1852, to January, 1870. No objection was made to the use of the books or memoranda for the purpose mentioned; but the plaintiff's counsel insisted that the defendant should examine all the books and memoranda before giving his testimony, and then lay them aside, and not refer to them again while testifying. The court, however, allowed the witness to refer to the books and memoranda, for the purpose of refreshing his recollection, whenever it was necessary for him to do so, while giving his testimony. There were fifteen of the books, each containing about one hundred and twenty pages. This fact alone almost demonstrates the impracticability of the

course suggested and insisted upon by the plaintiff's counsel. The manner in which a witness shall be allowed to refresh his recollection by reference to a writing, must be left, to some extent, to the discretion of the presiding judge—a discretion to be exercised with reference to the circumstances of the case, and sometimes, we presume, with reference to the conduct and bearing of the witness upon the stand. In this instance, we see no reason whatever to doubt that the discretion of the learned judge below was justly and wisely exercised.

3. As to the newly discovered evidence on account of which a new trial is asked, it is only necessary to say that it is merely cumulative. *Nininger* v. *Knox*, 8 Minn. 140.

4. As to the amendment of the answer after the plaintiff had rested, it is to be presumed, in the absence of any showing to the contrary, that it was allowed for good reason. It does not appear that the plaintiff objected to it for any other reason than its allowance at so late a stage of the trial, nor is there any ground for supposing that its allowance was really prejudicial.

Order refusing a new trial affirmed.